Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as facts and concludes as matters of law, the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured with Alexsis, Inc. serving as the servicing agent.
4. Plaintiff's average weekly wage is as set forth on the Form 22 Wage Chart.
5. Plaintiff is alleging an injury by accident or a repetitive motion injury which occurred on or about March 24, 1994, resulting in an injury to his left shoulder.
6. The defendant-employer has denied liability and the issue to be determined by the Commission is whether plaintiff in fact suffered an injury by accident or a repetitive motion injury as alleged.
7. The defendant-employer stipulated that a minor accident occurred with the forklift but plaintiff suffered no injury.
****************
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. On March 24, 1994, plaintiff was employed by defendant-employer as a forklift operator. On said date while operating his forklift, he had a slight accident when one forklift bumped into another one. This was a minor accident and no damage was done to the forklift or the materials on the forklift. As a result of this minor accident, plaintiff showed no signs of any injury.
2. Plaintiff continued to work during his regular duties with no problems. However, on April 18, 1994, plaintiff discussed with his supervisor a problem he was having with his shoulder and requested a leave of absence. Plaintiff indicated that he injured his shoulder back in February and had gone to a doctor.
3. On May 6, 1994, again plaintiff told his supervisor that he was suffering from a shoulder problem and needed a leave of absence. At that time he indicated that he injured his shoulder while lifting weights.
4. On June 7, 1994, plaintiff called the defendant-employer and inquired as to the procedure for filing medical claims. At that point plaintiff was told that he had no medical benefits due to his probationary status at work.
5. After discovering that plaintiff had no medical benefits, he pursued a workers' compensation claim, claiming that he injured his arm in the forklift incident. On the Form 18 dated July 6, 1994, and filed with the Commission on August 8, 1994, plaintiff alleges that he injured his shoulder in a forklift collision.
6. Plaintiff is a weight lifter and lifts weights on a regular basis.
7. When plaintiff first saw Dr. Blount, he told Dr. Blount that he had developed some pain with a burning sensation in the area of his left scapula. Plaintiff did not give a detailed history concerning his problem.
8. Dr. Blount does not know the etiology of plaintiff's injury. When asked his opinion as to whether plaintiff's symptoms were caused by the weight lifting incident of February, 1994, the forklift incident of March, 1994, or the repetitive motion while driving the forklift, Dr. Blount testified that he would agree that any one of the three could possibly be a cause. He further stated that no one cause was a greater possibility than the other.
***************
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Based on the evidence in this case as well as the testimony of Dr. Blount, there is insufficient evidence from which to prove by the greater weight that it is probable that plaintiff's shoulder problem was or could have been caused by the accident of March 24, 1994, or that said accident was a significant contributing factor in the development of plaintiff's shoulder condition.
2. Since plaintiff did not carry his burden of proof in this case, he is not entitled to benefits under the Workers' Compensation Act.
3. Furthermore, the plaintiff failed to prove that the injury for which he is claiming entitlement to workers' compensation benefits constitutes a recognized occupational disease or that his symptoms are due to causes and conditions characteristic of and peculiar to his employment and that his employment placed him at a greater risk than the public in general of contracting his current condition. N.C. Gen. Stat. § 97-53(13).
****************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff s claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md